**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| SAM CARLISLE,<br><br>            Plaintiff,<br><br>v.<br><br>THE NATIONAL SECURITY GROUP, INC., WALTER P. WILKERSON, FRED D. CLARK JR., WILLIAM L. BRUNSON, JR., JACK E. BRUNSON, DONALD S. PITTMAN, MICKEY L. MURDOCK, FLEMING G. BROOKS, FRANK B. O'NEIL, BRIAN R. MCLEOD, L. BRUNSON WHITE, CHARLES B. ARNOLD, ELIZABETH B. CRAWFORD, and ANDREW J. ABERNATHEY,<br><br>            Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Sam Carlisle ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

## NATURE OF THE ACTION

1. Plaintiff brings this action against The National Security Group, Inc. ("NSEC" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a)(4), and 78t(a). By the action, Plaintiff seeks to enjoin the vote on a proposed transaction pursuant to which VR Insurance Holdings, Inc. ("VR Insurance") will acquire the Company (the "Proposed Transaction").

2. On January 26, 2022, NSEC entered into an Agreement and Plan of Merger with VR Insurance and VR Insurance's wholly owned subsidiary, VR Insurance Merger Sub, Inc. (the

"Merger Agreement").  Under the terms of the Merger Agreement, NSEC stockholders will be entitled to receive $16.35 in cash per share of NSEC common stock.

3. On May 23, 2022, the Board authorized the filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. Specifically, the Proxy Statement, which recommends that NSEC stockholders vote their shares in favor of the Proposed Transaction, contains materially incomplete and misleading information concerning, among other things: (a) the financial analyses performed by the Company's financial advisor, Piper Sandler & Co. ("Piper Sandler"); and (b) the background of the Proposed Transaction.

4. It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.  The special meeting for NSEC stockholders to vote on the Proposed Transaction is currently scheduled for June 20, 2022.

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District. NSEC's common stock trades on the Nasdaq Global Market, which is headquartered in this District, rendering venue in this District appropriate.

**THE PARTIES**

9. Plaintiff is, and has been at all relevant times, the owner of shares of NSEC common stock.

10. Defendant NSEC is a Delaware corporation, with its principal executive offices located at 661 East Davis Street, Elba, Alabama 36323. NSEC's shares trade on the Nasdaq Global Market under the ticker symbol "NSEC."

11. Defendant Walter P. Wilkerson has been Chairman of the Board and a director of the Company at all relevant times.

12. Defendant Fred D. Clark Jr. is and has been a director of the Company at all relevant times.

13. Defendant William L. Brunson, Jr. has been President, Chief Executive Officer, and a director of the Company at all relevant times.

14. Defendant Jack E. Brunson is and has been a director of the Company at all relevant times.

15. Defendant Donald S. Pittman is and has been a director of the Company at all relevant times.

16. Defendant Mickey L. Murdock is and has been a director of the Company at all relevant times.

17. Defendant Fleming G. Brooks is and has been a director of the Company at all relevant times.

18. Defendant Frank B. O'Neil is and has been a director of the Company at all relevant times.

19. Defendant Brian R. McLeod is and has been a director of the Company at all relevant times.

20. Defendant L. Brunson White is and has been a director of the Company at all relevant times.

21. Defendant Charles B. Arnold is and has been a director of the Company at all relevant times.

22. Defendant Elizabeth B. Crawford is and has been a director of the Company at all relevant times.

23. Defendant Andrew J. Abernathey is and has been a director of the Company at all relevant times.

24. Defendants identified in paragraphs 11-23 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

25. On January 26, 2022, NSEC announced that it had entered into the Proposed Transaction, stating, in relevant part:

> ELBA, Ala. & SAN FRANCISCO -- The National Security Group, Inc. (NASDAQ:NSEC) and VR Insurance Holdings, Inc. ("VR Holdings") today announced that they have entered into a definitive merger agreement, under which VR Holdings has agreed to acquire all of the outstanding common shares of The National Security Group, Inc. ("NSG" or the "Company") for $16.35 per share in cash, representing a 77% premium to the closing share price as of January, 25, 2022. Total transaction value is approximately $41.4 million, subject to certain provisions[1]. VR Holdings is a newly formed Delaware company founded by Vivek Ranadivé. Mr. Ranadivé has been the Founder and Managing Director of Bow Capital Management LLC and its affiliated funds since 2016 and Chairman, Chief Executive Officer and Governor of the Sacramento Kings since 2013.
>
> "We believe this transaction is in the best interest of NSG's shareholders and policyholders," said William L. Brunson, Jr., Chief Executive Officer of NSG. He said, "By combining our 75-year history of stability, underwriting expertise and commitment to our policyholders with the financial resources of the investor group led by Mr. Ranadivé, we expect to realize greater opportunities for growth and an enhanced ability to serve our policyholders and agent partners." Mr. Brunson also noted that shareholders will benefit from the significant premium to recent share prices.
>
> The Company's Board of Directors has unanimously approved the transaction and recommended that NSG's shareholders vote in favor of the transaction. The agreement requires approval by holders of the majority of NSG's outstanding common shares. The acquisition is expected to close by the end of the second quarter of 2022, subject to customary closing conditions, including receipt of certain required regulatory approvals and approval of NSG's shareholders. There are no financing conditions associated with the definitive merger agreement.
>
> Following closing, it is anticipated that VR Holdings will continue to leverage the existing operations and infrastructure of NSG's wholly owned property and casualty and life insurance subsidiaries. The Company's current Chief Financial Officer, Brian McLeod, will serve as Chief Operating Officer of the Company's insurance subsidiaries and will also serve as VR Holdings' Chief Financial Officer. NSG remains fully committed to its policyholders and its independent agent partners and expects no immediate changes in its day-to-day business operations. Upon completion of the transaction, NSG will become a private company with the flexibility and capital to accelerate its next stage of growth. Mr. McLeod will work

closely with the management team including Ross Aron, CEO of VR Holdings, and the investor group to continue the Company's expansion.

[1] The price per share is subject to downward adjustment if the combined statutory capital and surplus of NSG's insurance subsidiaries is less than $43 million; VR Holdings can terminate the agreement if combined statutory capital and surplus falls below $38.7 million. The insurance subsidiaries are expected to exceed the $43 million threshold in their statutory financial statements as of December 31, 2021.

**The Materially Incomplete and Misleading Proxy Statement**

26. On May 23, 2022, the Board caused to be filed a materially incomplete and misleading Proxy Statement with the SEC. The Proxy Statement, which recommends that NSEC stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the financial analyses performed by the Company's financial advisor, Piper Sandler; and (b) the background of the Proposed Transaction.

*Material Misrepresentations and/or Omissions Concerning Piper Sandler's Financial Analyses*

27. The Proxy Statement fails to disclose material information concerning the financial analyses performed by Piper Sandler.

28. With respect to Piper Sandler's *Comparable Company Analysis* and *Analysis of Precedent Transactions*, the Proxy Statement fails to disclose the individual multiples and financial metrics for each of the companies and transactions analyzed by Piper Sandler, respectively.

29. With respect to Piper Sandler's *Net Present Value Analysis*, the Proxy Statement fails to disclose: (a) the metric that forms the basis of the analysis, and quantification of the metric; (b) the metric used to calculate the terminal value for the Company, and quantification of the

metric; (c) the terminal value for the Company; and (d) the inputs and assumptions underlying the discount rate of 11.7% used in the analysis.

30. The Proxy Statement also fails to disclose the sum-of-the-parts analyses prepared by Piper Sandler and discussed with the Board and Company management on June 28, 2021 and August 31, 2021.  *See* Proxy Statement at 29, 32.

*Material Misrepresentations and/or Omissions Concerning the Background of the Proposed Transaction*

31. The Proxy Statement fails to disclose material information concerning the background leading to the Proposed Transaction.

32. Specifically, the Proxy Statement fails to disclose whether the "don't-ask, don't-waive" standstill provisions in the 34 non-disclosure agreements the Company executed with interested bidders are still in effect and presently precluding any of these parties from submitting a topping bid for the Company.  *See id.* at 28.

33. In sum, the omission of the above-referenced information renders statements in the "Opinion of the Company's Financial Advisor" and "Background of the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of NSEC will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and NSEC**

34. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

35. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. NSEC is liable as the issuer of these statements.

36. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

37. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

38. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

39. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

40. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

41. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

42. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

43. The Individual Defendants acted as controlling persons of NSEC within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of NSEC and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

44. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

45. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

46. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

47. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of NSEC, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, including the stockholder vote on the Proposed Transaction, unless and until defendants disclose the material information identified above which has been omitted from the Proxy Statement;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: May 26, 2022                           By   **LONG LAW, LLC**

*/s/ Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@longlawde.com

*Attorneys for Plaintiff*